## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER YAROMICH,** | : | |
| | : | **Civil No. 3:13-CV-1726** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

The *pro se* plaintiff is a federal prisoner, who was formerly housed at the United States Penitentiary-Canaan in the summer of 2011. The plaintiff is currently suing the United States, alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.)  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.)  Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action seeking damages from the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On December 9, 2013, the defendant filed a motion to dismiss this complaint, which we also construed as a motion for summary judgment. (Doc. 23.) This motion alleged that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court. In support of this motion, the defendant presented a simple, straightforward factual narrative, and submitted a declaration which attested that Yaromich never filed an administrative tort claim of the type prescribed by the FTCA, a Form SF 95 or its equivalent. (Doc. 24-1.)

For his part, Yaromich responded to this motion with detailed factual submissions, by presenting the Court with two forms SF-95, dated in February 2012 and June 2013, which he attests he submitted in a timely fashion to the Bureau of Prisons. (Doc. 30.) In response to this assertion by the plaintiff, the defendant has filed a reply brief, albeit a reply brief which does not provide further factual support for the defendant's assertion that Yaromich failed to exhaust his administrative remedies. (Doc. 31.) Instead, the defendant simply asserts that Yaromich has the burden of proof on the issue of exhaustion, and argues that he has failed to meet his burden of proof in this case. (Id.)

Thus, we are presented with a factual dispute regarding whether, and to what extent, the plaintiff has attempted to exhaust his administrative remedies. This factual

dispute is presented to us on a factual record, where the plaintiff swears that he submitted two administrative tort claims to the Bureau of Prisons through staff between February 2012 and June 2013, but the Bureau of Prisons legal office simply attests that they have no record of receiving that claim.  On this contested factual record, we conclude that the question of whether the plaintiff exhausted his administrative remedies– a jurisdictional prerequisite to filing this lawsuit–cannot be determined without further factual proof, and an assessment of the credibility of the plaintiff's claims, something which cannot be done on the present, incomplete, factual record.  Therefore, it is recommended that this motion be denied with respect to this exhaustion claim, and the issue of exhaustion of administrative remedies be deferred for further consideration on a complete factual record.

## II.   <u>Discussion</u>

### A.   <u>The Parties's Burdens of Proof and Persuasion</u>

The defendant moved to dismiss this FTCA claim, in part, for failure to exhaust pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Rule 12(b)(1), in turn, permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  <u>See</u> <u>Mortensen v. First Fed. Sav. and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir.1977).  In reviewing a facial attack, the court must only

consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  See id., PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993).  In reviewing a factual attack, the court may consider evidence outside the pleadings.  See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891).  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds  by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Here, the defendant's motion presents a factual attack upon subject matter jurisdiction, arguing that this court lacks jurisdiction over this claim due to the plaintiff's failure to exhaust his administrative remedies.  When presented with such a fact-bound jurisdictional challenge are cautioned that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id.  In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891.  In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists.  Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891.  If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. *"[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination*." Gould, 220 F.3d at 177.

<u>Moyer Packing Co. v. United States</u>, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008) (emphasis added).

This principle, which cautions us that "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination," is specifically applicable to jurisdictional defenses raised in Federal Tort Claims Act litigation.   Indeed, the leading cases articulating this principle are FTCA lawsuits.  See e.g., <u>Gould Electronics Inc. v. United States</u>, 220 F.3d 169, 177 (3d Cir. 2000) <u>holding modified by Simon v. United States</u>, 341 F.3d 193 (3d Cir. 2003)("if there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination"); <u>Moyer Packing Co. v. United States</u>, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008). Furthermore, this Court has held in an FTCA action that "the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." <u>Hunter v. United States</u>, 3:CV-00-0036, 2000 WL 1880257, *4 (M.D. Pa. Dec. 15, 2000)(Caputo, J.).

Moreover, to the extent that this motion considers matters beyond the pleadings, in the form of competing declarations by the defendant and plaintiff, we have also previously placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there

is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Further, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. In this regard, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995).

Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ

v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

While questions of exhaustion of administrative remedies should be determined by the court as a matter of law, the United States Court of Appeals for the Third Circuit also teaches us that when these legal questions relating to exhaustion turn on disputed factual issues, courts can, and should, conduct an evidentiary hearing and develop the facts "in order to determine whether the claims were exhausted. See Bryant, 530 F.3d at 1373–74 (holding the district court properly acted as fact finder in resolving conflicting evidence that raised a genuine issue of material fact about whether administrative remedies were available to the prisoner plaintiffs); accord Messa, 652 F.3d at 309; Dillon, 596 F.3d at 271." Small v. Camden Cnty., 728 F.3d 265, 270 (3d Cir. 2013). Therefore, where exhaustion issues turn on factual disputes, it is incumbent upon the court to first find what the facts are before it determines the application of the law to those facts.

## B.      The FTCA's Administrative Exhaustion Requirement

In this case it is alleged that the plaintiff did not fully exhaust his administrative remedies before bringing this FTCA action.  The plaintiff's alleged failure to exhaust these administrative remedies may have substantive significance for the plaintiff since as a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).  The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id.  The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id.  The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674. Therefore, prior to commencing an FTCA action a plaintiff must comply with the procedural prerequisites set forth by the FTCA. Such procedural compliance is the price plaintiff must pay to take advantage of the limited waiver of sovereign immunity provided by the FTCA.

Thus, prior to commencing an FTCA action against the United States in federal court, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain, in the form prescribed by federal regulations. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed us that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived."

Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)).  The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993).  As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit.  See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

In this regard, it must be emphasized that full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit.  Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action.  Miller v. United States, 517 F. App'x 62, 63 (3d Cir. 2013); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  In short, given the jurisdictional nature of this exhaustion requirement, when an inmate files an FTCA lawsuit before he receives a final denial of his administrative tort claim, "the District Court [i]s without jurisdiction to rule on the FTCA claim[,] See McNeil, 508 U.S. at 111-12, 113 S.Ct. 1980 (holding that a court is without jurisdiction to rule on a prematurely filed action

even if an agency denies the related administrative claim soon after the federal lawsuit is filed)," Accolla v. U.S. Gov't, 369 F. App'x 408, 410 (3d Cir. 2010), and the claim must be dismissed.

### C.   **Resolution of This Exhaustion Issue Requires Further Development of the Factual Record**

Judged against these benchmarks, we find that resolution of the exhaustion issues in this particular case require further development of the factual record.  As it presently stands, the Bureau of Prison attests that its legal office never received the plaintiff's administrative tort claim; the plaintiff asserts that he tendered this claim to prison officials not once, but twice, and provides us with copies of these SF-95 forms which he claims he submitted, along with other evidence which he contends supports his claim of timely submission of these forms.  Without further factual development, therefore, resolution of this dispute requires us to assess the credibility of the plaintiff's claims regarding submission of his tort claim to prison officials, a credibility determination which cannot be made on the sterile, and incomplete, record presently before us.

Since resolution of this exhaustion issue entails judicial fact-finding and may involve credibility determinations, this question cannot be determined on the pleadings.  Accordingly, it is recommended that this motion to dismiss be denied on exhaustion grounds, without prejudice to resolution of this issue on a more fully

documented motion for summary judgment, or "if there is a dispute of material fact, the court [should] conduct a plenary trial on the contested facts prior to making a jurisdictional determination." <u>Moyer Packing Co. v. United States</u>, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008).

## III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss the plaintiff's FTCA claims on exhaustion grounds, (Doc. 23.), be DENIED without prejudice to resolution of this issue on a more fully documented motion for summary judgment, or through a plenary trial on the contested facts prior to making a jurisdictional determination.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of May 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge