**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXANDER YAROMICH, | |
|   Plaintiff, | CIVIL ACTION NO. 3:13-CV-1726 |
|   v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | (MAGISTRATE JUDGE CARLSON) |
|   Defendant. | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Martin C. Carlson's Report and Recommendation ("R & R") (Doc. 33) to Defendant's Motion to Dismiss, also construed as a Motion for Summary Judgment (Doc. 23), as well as Defendant's Objections to the R & R (Doc. 34), Plaintiff's Objections to the R & R (Doc. 40), Defendant's Brief in Opposition to Plaintiff's Objection (Doc. 42), and Plaintiff's Response to Defendant's Brief in Opposition to Plaintiff's Objection (Doc. 45). I address Plaintiff's Motion for the Appointment of Counsel (Doc. 40) in a separate memorandum and order.

Because Magistrate Judge Carlson is correct that a plenary hearing is needed in order to resolve factual disputes prior to a determination of whether I have subject matter jurisdiction in this case, the R & R will be adopted and the defendant's Motion will be denied without prejudice.

### I. Background

**A. Factual Background**

The underlying facts are set forth in detail in Magistrate Judge Carlson's R & R (Doc. 33). Plaintiff Alexander Yaromich ("Yaromich") is in federal prison, representing himself *pro se*. Yaromich was formerly housed at the United States Penitentiary-Canaan. He is suing the United States, alleging that in June of 2011 the prison served inmates fajitas with chicken tainted with salmonella bacteria. (Doc. 1, *Compl.*) Consequently, he

contracted food poisoning, and for a number of weeks suffered excruciating pain and symptoms such as headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (*Id*.)  He also asserts that prison officials failed to adequately address the situation and provide medical attention once it became apparent that much of the prison population had fallen ill after eating spoiled chicken. (*Id.*)  Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action seeking damages from the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq*.

At present, there is a factual dispute regarding whether, and to what extent, Plaintiff attempted to exhaust administrative remedies. This dispute is presented on a factual record, in which Plaintiff attests that he submitted two administrative tort claims to the Bureau of Prisons ("BOP") through staff between February 2012 and June 2013, but the BOP Northeast Regional legal office attests that it has no record of receiving that claim.

**B. Procedural History**

On December 9, 2013, Defendant filed a Motion to Dismiss (Doc. 23) alleging a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), which the Court also construed as a Motion for Summary Judgment.  Fed. R. Civ. P. 12(b)(1).  The Motion alleged that Plaintiff failed to exhaust his administrative remedies within the agency he seeks to sue (in this instance, the BOP) before filing this lawsuit, a prerequisite to seeking relief in court under the FTCA.  In support of this Motion, Defendant presented a factual narrative, and submitted an affidavit from a BOP Legal Office Paralegal, who attests that Yaromich never filed an administrative tort claim of the type prescribed by the FTCA, a Standard Form 95 (SF 95) or its equivalent.  (Doc. 24-1.)

Yaromich responded with detailed factual submissions, affidavits, and copies of two SF 95s, dated in February 2012 and June 2013, which he attests he submitted in a timely

manner to the BOP (Doc. 30).  Defendant filed a Brief in Response (Doc. 31).

In his R & R (Doc. 33), Magistrate Judge Carlson concluded that there existed incomplete factual information to determine whether the plaintiff exhausted his administrative remedies–a prerequisite to filing this action.  He determined that on the present, incomplete factual record, the court could not determine whether the plaintiff exhausted his administrative remedies, nor could the court assess the credibility of the plaintiff's claims. Thus, he recommended the Motion "be denied with respect to this exhaustion claim, and the issue of exhaustion of administrative remedies be deferred for further consideration on a complete factual record." (Doc. 33, 3.)  He recommend this be done via further filings or a plenary hearing.  *Id.*

On June 4, 2014, Defendant filed objections to Magistrate Judge Carlson's R & R (Doc. 34), along with a Brief in Support (Doc. 35).  On June 5, Yaromich filed a Motion for Extension of Time to object to the Magistrate Judge's R & R (Doc. 36), which I granted on June 6 (*Order,* Doc. 38).  On June 24, Yaromich filed his objections to the R & R and a Brief in Support (Doc. 40).  He also filed a Motion requesting that a public defender be appointed to represent him (Doc. 41).

On July 8, Defendant filed a Brief in Opposition to Plaintiff's Objection to the R & R (Doc. 42).  Plaintiff then requested an extension of time (Doc. 43), which I granted (Doc. 44).  On August 4, Plaintiff filed a Response to Defendant's Brief in Opposition to Plaintiff's Objection to the R & R (Doc. 45).  The R & R and objections of both parties thereto are thus ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

As noted, Magistrate Judge Carlson recommends that the defendant's Motion be denied because resolution of the exhaustion issues in this case require further development of the factual record. In their objections, the parties each dispute that further determination of credibility is necessary, and each assert that they are the credible party.

The FTCA is a limited waiver of the sovereign immunity of the United States. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The Supreme Court has clearly established that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). A District Court must dismiss a suit for lack of subject matter jurisdiction when a petitioner "fail[s] to heed that clear statutory command" and does not

4

first exhaust administrative remedies. *Id. See, e.g., Patterson v. Potope*, 4:11-CV-497, WL 1314050 (M.D. Pa. 2013); *Abulkhair v. Bush*, 413 F. App'x 502, 506 (3d Cir. 2011).

If Yarmich has not exhausted administrative remedies, I do not have jurisdiction to preside over his action, as administrative exhaustion is a jurisdictional prerequisite to cases brought under the FTCA. *Miller v. United States,* 517 F. App'x 62, 63 (3d Cir. 2013) (upholding the District Court's grant of the Government's Motion to Dismiss for lack of subject matter jurisdiction where an inmate had not exhausted administrative remedies for an injury sustained while incarcerated). There is clear case law on this process: "A plaintiff cannot institute an FTCA suit until he or she presents the claim to a federal agency and receives a final decision on the claim. If the agency does not act within six months, the failure to issue a decision may be treated as a final decision by the claimant." *Accolla v. U.S. Gov't*, 369 F. App'x 408, 409-10 (3d Cir. 2010) (citing 28 U.S.C. § 2675(a); *McNeil,* 508 U.S. 106 at 112) (internal citations omitted). In this case, the BOP is the relevant federal agency.

These are the grounds on which Defendant moves for dismissal, asking that Plaintiff's Complaint be dismissed for a lack of subject matter jurisdiction because he has not exhausted administrative remedies. (Doc. 24.)

Yaromich contends that he has exhausted his administrative remedies, by submitting his claim to the prison authorities twice, via a Standard Form 95 ("SF 95") without receiving a reply. (Doc 30, 3.) He submitted to the Court copies of these forms, attached to his Response to Defendant's Motion to Dismiss, dated February 10, 2012, and June 12, 2013. (Doc. 30, 33-4, 36-7.) In two signed affidavits, Mr. Yaromich attests that he filled out these forms and put them in the mail on the dates reflected on the forms. (Doc. 30, 35, 38.) Because the agency did not act within six months, he argues he can treat this as a final decision.

The BOP, however, asserts that its legal office never received Yaromich's administrative tort claim. (Doc. 24, 6.) In support of this assertion, it includes the affidavit of a Supervisory Paralegal at the BOP Regional Counsel Office, who reviewed the BOP's electronic filing system that includes tort claims by prisoners, and did not find Yaromich's claim. (Doc. 24-1, *Ex. A*.)

To further support his claim, Yaromich presents as evidence the fact that he had the address for sending SF Forms on his approved mail list at the time he sent his SF 95. (Doc. 30, 4.) He attaches a copy of that list. (Doc. 30, 18.) Mr. Yaromich also includes four affidavits from other prisoners stating that the they had sent in SF 95 claims to the BOP Northeast Regional Counsel without receiving a response. (Doc. 30, 21-2.) These affidavits also assert that it is a commonly held belief within the prison that the BOP counsel's office disregards inmates' SF 95s. (*Id.*) He also attaches a letter he wrote to the BOP's regional counsel, requesting confirmation that counsel received his SF 95. (Doc. 30, 24.)

Magistrate Judge Carlson recommended in his R & R that the defendant's Motion to Dismiss be denied without prejudice to resolution of this factual issue on a more fully documented Motion, or through a plenary hearing on the contested facts. (Doc. 33.) Following Magistrate Judge Carlson's R & R, both parties submitted objections.

In its Objection to the R & R, the Government asserts that Yaromich did not exhaust his administrative remedies "because he did not 'present' his claim as required by the FTCA." (Doc. 35, 2.) The Government contends that it does not matter why the claim was not received, what matters is that it was not. (*Id.* at 2-3.) The Government argues that there is not a credibility issue as Magistrate Judge Carlson wrote, because in an FTCA action, the "mailbox rule"–which "provides that the proper and timely mailing of a document creates a rebuttable presumption that the document has been received by the

addressee . . . ."–does not apply. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1251 (9th Cir. 2006). However, the Government only speaks to the general mailbox rule, which is entirely distinct from and serves a different purposes than the "prisoner mailbox rule". Under the prisoner mailbox rule, a notice of appeal by a *pro se* prisoner is considered filed at the moment of delivery to prison authorities or the prison mail system for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (noting that "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique. . . . the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.").

In *Houston v. Lack*, the Supreme Court explicitly stated that the prisoner mailbox rule applies even in situations where for a person who is not incarcerated, *receipt*, not merely mailing, is required in order for something to be considered filed. *Id.* at 274. The Court noted that the same rationale for rejecting the general mailbox rule to determine when something is filed also justifies adopting the prisoner mailbox rule. *Id*. at 273. This Court has extended this rule to include *pro se* prisoner complaints as well. *Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011); see also, e.g., *Everett v. Nort*, 547 F. App'x 117, 120 (3d Cir. 2013).

This Court has not spoken to whether the prisoner mailbox rule applies in cases where a prisoner files an administrative claim under the FTCA. This Court has, however, deemed the prisoner mailbox rule to apply when a prisoner files a claim in an administrative forfeiture proceeding. *Longenette v. Krusing*, 322 F.3d 758, 765 (3d Cir. 2003). In making that decision, the Court relied in part on the logic of the United States Court of Appeals for the Second Circuit in a decision that unequivocally extended the prison mailbox rule to a prisoner filing an administrative claim under the FTCA. *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999). The Court found that "[s]ince, with regard

to the difficulties inherent in being a *pro se* prisoner litigant, we see no difference between the filing of a court action and the filing of an administrative claim, we hold that *Dory* applies to an FTCA administrative filing." *Id.*, citing *Dory v. Ryan, 999 F.2d 679, 682* (2d Cir. 1993) *opinion modified on other grounds*, 25 F.3d 81 (2d Cir. 1994) (extending the Supreme Court's prisoner mailbox rule to all prisoner *pro se* complaints).  Thus, I do not find persuasive Defendant's assertion that Plaintiff did not exhaust administrative unless the administrative forms were received.  Furthermore, it remains in factual dispute whether Plaintiff's SF 95s were indeed received, or rather but not properly filed.

Plaintiff Yaromich objects to Magistrate Judge Carlson's R & R on the grounds that no further hearing or affidavits are necessary to determine the credibility of the parties, as Yaromich asserts that it is clear that Defendants are lying.  (Doc. 45.)  However, there remain factual disputes on this point as well, which a plenary hearing would best elucidate.  A plenary hearing would also clarify the dispute between the parties as to what the BOP meant when it said it was in possession of Yaromich's "legal file" in a letter to Yaromich, another main point of factual contention.  (Doc. 45,1.)

## IV. Conclusion

For the above reasons, Magistrate Judge Carlson's Report and Recommendation that this Motion to Dismiss be denied without prejudice, and that I conduct a plenary hearing on the contested facts prior to making a jurisdictional determination is *adopted*. This hearing will be scheduled forthwith.  I address Plaintiff's Motion to Appoint Counsel in a separate memorandum and order.

An appropriate order follows.


| October 21, 2014 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |