# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER YAROMICH,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO. 3:13-CV-1726

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Alexander Yaromich's Motion to Appoint Counsel (Doc. 40). Defendant has not expressed opposition. Yaromich is suing the United States, alleging that in June 2011, United States Penitentiary-Canaan ("USP Canaan"), where he was incarcerated, served chicken tainted with salmonella. (Doc. 1, *Compl.*) As a result, he suffered food poisoning and its symptoms. (*Id.*) Because the plaintiff's claim has merit in fact and law, there is an upcoming hearing on a variety of complex legal issues, and he is demonstrably indigent, I will grant Plaintiff's Motion to Appoint Counsel.

### Legal Standard

A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n. 1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1977).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel for a *pro se* litigant, *Montgomery*, 294 F.3d at 4498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must

assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing pro bono counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155–56, 157 n.5.

## Discussion

Plaintiff's claim does have merit in fact and law. This is one of a number of related actions in which federal inmates have sued the United States, alleging injuries stemming from the consumption of chicken contaminated with salmonella at USP Canaan. (Doc. 6, *Order*). Defendant asserts that Yaromich cannot sue under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq*., because since he has not exhausted his administrative remedies, as required by the FTCA, there is no subject matter jurisdiction. Plaintiff's claim that he *did* exhaust his administrative remedies also has arguable merit in fact and law, as he puts forth an affidavit to support this contention (Doc. 30), as well as copies of the two forms he attests he submitted in pursuit of an administrative remedy. (Doc. 30, 33-4, 36-7.)

Reviewing the factors set forth in *Tabron*, this is an instance that merits an appointed lawyer. In a separate order issued today, I scheduled a plenary hearing to resolve factual disputes prior to a determination of subject matter jurisdiction. This hearing will require in-person examination of a number of complex legal issues. Furthermore, Plaintiff does not speak English well, as Russian is his first language, and he has only been able to file legal documents thus far with the extensive help of a "jailhouse lawyer," who does not represent prisoners at hearings. (Doc. 40, 5.) Also, a factual investigation is needed, which the plaintiff will not be able to conduct himself, and a credibility determination is central to the issue at present. Plaintiff cannot attain and afford counsel on his own, as he is incarcerated and has been granted leave to file *in forma pauperis* by this Court. (Doc. 4.)

NOW, this 21st day of October, 2014, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 40) is **GRANTED.**

(1) The Clerk of Court is directed to forward a copy of this Order to the Chair of the Federal Bar Association's Pro Bono Committee: Stephen M. Greecher, Jr., Esquire, Tucker, Arensberg & Swartz, 111 North Front Street, P.O. Box 889, Harrisburg, Pennsylvania, 17108-0889, who shall select, or affect the selection of a member of the Bar Association to represent Plaintiff, Alexander Yaromich, in this matter.

(2) Appointed counsel for Plaintiff is directed to file an entry of appearance with the Court no later than thirty (30) days from the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge